# Exhibit A

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2077CV1054

Harmony Healthcare International, Inc. , Plaintiff(s)

v.

Samaritan Medical Center Inc. d/b/a Samaritan Keep Nursing Home , Defendant(s)

## SUMMONS

To the above named Defendant: Samaritan Medical Center Inc. d/b/a Samaritan Keep Nursing Home

You are hereby summoned and required to serve upon Carlo Cellai, Esq. , plaintiff's attorney, whose address is 150 Grossman Dr. STe. 201 Braintree MA 02184 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 56 XX Federal Street Salem MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of            , in the year of our Lord two thousand

*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss
SUPERIOR COURT DEPARTMENT
DOCKET NO. 20CV

HARMONY HEALTHCARE
INTERNATIONAL, INC.
    Plaintiff

v.

SAMARITAN MEDICAL CENTER, INC.
d/b/a SAMARITAN KEEP NURSING HOME
    Defendant

## CIVIL COMPLAINT AND DEMAND FOR JURY

1. Plaintiff Harmony Healthcare International, Inc. is a domestic for-profit corporation with its principal office located at 430 Boston Street, Suite 104, Topsfield, MA 01983.
2. Defendant Samaritan Medical Center, Inc. d/b/a Samaritan Keep Nursing Home is a nonprofit corporation incorporated in the state of New York with its principal place of business located at 830 Washington Street, Watertown, New York 13601.
3. Plaintiff is engaged in the business of providing healthcare organizations with clinical and operational expertise in the areas of compliance, audit, analysis, reimbursement, regulatory, education, and efficiency (hereafter referred to collectively as "Consulting Services").
4. On or about December 19, 2019 the Plaintiff and the Defendant entered into a written agreement whereby the Plaintiff would provide the Defendant with consulting services (hereinafter "the Agreement").
5. The duration of the term of the Agreement was for three (3) years.
6. At a point, the Defendant failed and/or refused to request Consulting Services that it contracted for under the Agreement and used its failure and/or refusal to request consulting services as a pretext for claiming that it was not required to request consulting services.
7. The Defendant sent to the Plaintiff a written notice of cancellation of the Agreement in May 2020.
8. The Defendant failed to order services.

1

9. The Defendant inappropriately cited COVID-19 as a basis for terminating the agreement, notwithstanding that the Defendant is an essential business who continued to operate during all applicable standing-orders.
10. The Defendant inappropriately cited COVID-19 as a basis for failing to make payments required under the agreement notwithstanding no lawful justification for doing so.
11. The Plaintiff made demand for payment of the amounts due under the Agreement but the Defendant has failed and refused to pay.
12. As such, the Defendant has denied the Plaintiff the fruits of the agreement and committed an unfair and deceptive business practice.
13. Pursuant to the Agreement, the Plaintiff made demand on the Defendant for the payment of the consulting services due under the contract.
14. The Defendant has failed and refused to pay the balance owed under the Agreement.
15. Defendant has an outstanding balance of $195,200.

## COUNT I
## (BREACH OF CONTRACT)

16. Plaintiff incorporates all paragraphs above as though stated herein.
17. Plaintiff is engaged in the business of providing Consulting Services.
18. On or about December 19, 2019 the Plaintiff and the Defendant entered into the Agreement whereby the Plaintiff would provide the Defendant with consulting services.
19. The duration of the term of the Agreement was for three (3) years.
20. At a point, the Defendant failed and/or refused to request Consulting Services that it contracted for under the Agreement and used its failure and/or refusal to request consulting services as a pretext for claiming that it was not required to request consulting services.
21. The Defendant sent to the Plaintiff a written notice of cancellation of the Agreement in May 2020.
22. The Defendant failed to order services.
23. The Defendant inappropriately cited COVID-19 as a basis for terminating the agreement, notwithstanding that the Defendant is an essential business who continued to operate during all applicable standing-orders.
24. The Defendant inappropriately cited COVID-19 as a basis for failing to make payments required under the agreement notwithstanding no lawful justification for doing so.

2

25. As such, the Defendant has denied the Plaintiff the fruits of the agreement and committed an unfair and deceptive business practice.
26. Pursuant to the Agreement, the Plaintiff made demand on the Defendant for the payment of the consulting services due under the contract.
27. The Defendant has failed and refused to pay the balance owed under the Agreement.
28. Defendant has an outstanding balance of $195,200.

**COUNT II
(QUANTUM MERUIT)**

29. Plaintiff incorporates all paragraphs above as though stated herein.
30. Plaintiff is engaged in the business of providing Consulting Services.
31. On or about December 19, 2019 the Plaintiff and the Defendant entered into the Agreement whereby the Plaintiff would provide the Defendant with consulting services.
32. The duration of the term of the Agreement was for three (3) years.
33. At a point, the Defendant failed and/or refused to request Consulting Services that it contracted for under the Agreement and used its failure and/or refusal to request consulting services as a pretext for claiming that it was not required to request consulting services.
34. The Defendant sent to the Plaintiff a written notice of cancellation of the Agreement in May 2020.
35. The Defendant failed to order services.
36. The Defendant inappropriately cited COVID-19 as a basis for terminating the agreement, notwithstanding that the Defendant is an essential business who continued to operate during all applicable standing-orders.
37. The Defendant inappropriately cited COVID-19 as a basis for failing to make payments required under the agreement notwithstanding no lawful justification for doing so.
38. As such, the Defendant has denied the Plaintiff the fruits of the agreement and committed an unfair and deceptive business practice.
39. Pursuant to the Agreement, the Plaintiff made demand on the Defendant for the payment of the consulting services due under the contract.
40. The Defendant has failed and refused to pay the balance owed under the Agreement.
41. Defendant has an outstanding balance of $195,200.

42. As a result of the Defendant's failure to pay, the Plaintiff has an outstanding balance of $195,200.

## COUNT III
## (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

43. Plaintiff incorporates all paragraphs above as though stated herein.
44. Plaintiff is engaged in the business of providing Consulting Services.
45. On or about December 19, 2019 the Plaintiff and the Defendant entered into the Agreement whereby the Plaintiff would provide the Defendant with consulting services.
46. The duration of the term of the Agreement was for three (3) years.
47. At a point, the Defendant failed and/or refused to request Consulting Services that it contracted for under the Agreement and used its failure and/or refusal to request consulting services as a pretext for claiming that it was not required to request consulting services.
48. The Defendant sent to the Plaintiff a written notice of cancellation of the Agreement in May 2020.
49. The Defendant failed to order services.
50. The Defendant inappropriately cited COVID-19 as a basis for terminating the agreement, notwithstanding that the Defendant is an essential business who continued to operate during all applicable standing-orders.
51. The Defendant inappropriately cited COVID-19 as a basis for failing to make payments required under the agreement notwithstanding no lawful justification for doing so.
52. Every contract has an implied covenant of a good faith and fair dealing.
53. Under the implied covenant of good faith and fair dealing, the Defendant cannot deny the Plaintiff the fruits of the contract.
54. As such, the Defendant has denied the Plaintiff the fruits of the agreement and committed an unfair and deceptive business practice.
55. Pursuant to the Agreement, the Plaintiff made demand on the Defendant for the payment of the consulting services due under the contract.
56. The Defendant has failed and refused to pay the balance owed under the Agreement.
57. Defendant has an outstanding balance of $195,200.

## COUNT IV
## (M.G.L. c. 93A)

58. Plaintiff incorporates all paragraphs above as though stated herein.
59. The Plaintiff and the Defendant are engaged in trade or commerce as trade or commerce is defined by M.G.L. c. 93A.
60. Plaintiff is engaged in the business of providing Consulting Services.
61. On or about December 19, 2019 the Plaintiff and the Defendant entered into the Agreement whereby the Plaintiff would provide the Defendant with consulting services.
62. The duration of the term of the Agreement was for three (3) years.
63. At a point, the Defendant failed and/or refused to request Consulting Services that it contracted for under the Agreement and used its failure and/or refusal to request consulting services as a pretext for claiming that it was not required to request consulting services.
64. The Defendant sent to the Plaintiff a written notice of cancellation of the Agreement in May 2020.
65. The Defendant failed to order services.
66. The Defendant inappropriately cited COVID-19 as a basis for terminating the agreement, notwithstanding that the Defendant is an essential business who continued to operate during all applicable standing-orders.
67. The Defendant inappropriately cited COVID-19 as a basis for failing to make payments required under the agreement notwithstanding no lawful justification for doing so.
68. Every contract has an implied covenant of a good faith and fair dealing.
69. Under the implied covenant of good faith and fair dealing, the Defendant cannot deny the Plaintiff the fruits of the contract.
70. As such, the Defendant has denied the Plaintiff the fruits of the agreement and committed an unfair and deceptive business practice.
71. The Defendant's conduct is willingly and knowingly unfair and deceptive in violation of M.G.L. c. 93A.
72. Pursuant to the Agreement, the Plaintiff made demand on the Defendant for the payment of the consulting services due under the contract.
73. The Defendant has failed and refused to pay the balance owed under the Agreement.
74. Defendant has an outstanding balance of $195,200.

THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

WHEREFORE, the Plaintiff demands

a. Judgment against the Defendant in the amount of $195,200;
b. Attorney fees;
c. Costs;
d. Interest; and
e. Multiple damages.

The Plaintiff,
**HARMONY HEALTHCARE INTERNATIONAL, INC.**

By its counsel,

Carlo Cellai, Esq. BBO 668651
**Cellai Law Offices, P.C.**
150 Grossman Drive, Suite 201
Braintree, MA 02184
617 367-2199
carlo@cellailaw.com